## Baker *v.* Flick, Appellant.

*Evidence—Parol evidence—Contract—Contemporaneous agreement.*

In an action of equitable ejectment brought by the vendors of real estate against vendees in possession, under a written agreement of sale, for the recovery of balance of purchase money, parol evidence is inadmissible in the absence of fraud, accident or mistake, to the effect that contemporaneously with the execution of the written agreement a verbal agreement was made by the agent who sold the land that the vendors should build an electric railway to the land, which verbal agreement was not carried out.

Argued April 24, 1901. Appeal, No. 347, Jan. T., 1900, by defendants, from judgment of C. P. Blair Co., March T., 1898, No. 75, on verdict for plaintiffs in case of Hettie R. Baker et al. v. E. H. Flick et al. Before McCOLLUM, C. J., MITCHELL, FELL, BROWN and POTTER, JJ. Affirmed.

Ejectment for land in Logan township. Before LOVE, P. J., specially presiding.

At the trial it appeared that the suit was brought to recover a balance of purchase money for land sold under a written contract. The defendant offered to prove by parol testimony that

the agent of the defendant at the time of the sale had agreed that the defendants should construct a line of electric railway along the side of the land, and that this parol agreement was not carried out.   The court sustained objections to the offer. [1, 2]

The court gave binding instructions for plaintiffs.

Verdict and judgment for plaintiffs.   Defendants appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions; (7) in giving binding instructions for plaintiff.

*E. H. Flick*, with him *M. M. McNeil*, for appellant.

*O. H. Hewit*, for appellees.

PER CURIAM, June 4, 1901:

It is alleged by the defendants that the learned court below erred in rejecting the offers of evidence which appear in the first, second, third and fourth specifications.   It is also alleged by them that he erred in not permitting the defendants' counsel to ask a question which was objected to, and now appears in the fifth specification.   The sixth specification is based on the excerpt from the charge, and in the seventh it is alleged that the court erred in giving binding instructions to the jury to find for the plaintiffs the balance of purchase money with interest. We are satisfied from an examination of the evidence and the rulings complained of in the specifications that the rejection of the offers of evidence was entirely proper, and that no error was committed in the refusal to allow the question objected to. In our view the charge was free from error and the case was properly disposed of.   We, therefore, dismiss all the specifications and affirm the judgment.